THE PEOPLE, PLAINTIFF AND APPELLEE, *v.* RIVERA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Carrying Arms.

No. 914.—Decided January 25, 1916.

FORMER JEOPARDY—TRANSCRIPT OF RECORD—PLEADING.—When the only thing appearing in the transcript of the record regarding the appellant's plea of former jeopardy is that the said plea was set up, the Supreme Court is. unable to decide whether the plea was well- founded.

CARRYING ARMS—SIDEWALK—RESIDENCE.—The act of standing on the sidewalk in front of own's house and firing shots with a revolver constitutes the offense of carrying arms, for the sidewalk is not a person's residence.

The facts are stated in the opinion.

*Mr. Juan B. Huyke* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Esteban Rivera took the present appeal from a judgment of the District Court of Humacao which convicted 'him on appeal of the offense of carrying a firearm.

The principal ground of appeal is that he was convicted of an offense for which he had been tried already and acquitted.

The statement of facts prepared by the appellant and approved by the judge and included in the transcript of the record shows only as to this plea that the appellant alleged the following: "That on March 20 he had been placed in jeopardy for this same act before the district court and also pleaded not guilty. The defendant excepted."

As nothing else appears in the transcript in regard to the said plea, we are unable to decide whether the appellant's plea was well founded. *The People* v. *Burgos,* 17 P. R. R. 1112, and *The People* v. *Gillies & Woodward,* 20 P. R. R. 467.

The court found from the contradictory evidence submitted to it that on the night of October 11, 1914, the appellant was standing on the sidewalk in front of his house and had a revolver with which he fired some shots. Such an act constitutes the offense of carrying weapons of which the appellant was convicted, for the sidewalk is not the residence of a person.

The judgment should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.